# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMANJOT SINGH,<br><br>                     Petitioner,<br><br>  v.<br><br>JEREMY CASEY, *et al.*,<br><br>                     Respondents. | Case No. 26-cv-00647-BAS-SBC<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**<br><br>**(2) DENYING AS MOOT MOTION FOR INJUNCTIVE RELIEF (ECF No. 2)** |

     Petitioner Ramanjot Singh filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner, a native of India, entered the United States on October 15, 2011. (*Id.* at ¶ 1.) Respondents released him on a $20,000 bond, apparently finding he was neither a flight risk nor a danger to the community. (*Id.* at ¶¶ 1, 2, 18.) Petitioner has complied fully with all the conditions of his release. (*Id.*)

     Nonetheless, on November 1, 2025, Respondents re-detained Petitioner without notice or an opportunity to be heard. (*Id.* at ¶ 3.) Because of the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025),

Respondents have determined that Petitioner's detention is now mandatory under 8 U.S.C. § 1225. (*Id.* at ¶¶ 4–5, 20.) Petitioner filed this Petition seeking immediate release on the same terms and conditions as he was previously released. (ECF No. 1.) He simultaneously filed a Motion for a Temporary Restraining Order. (ECF No. 2.)

The Court denied *ex parte* relief on the Motion for the Temporary Restraining Order. (ECF No. 3.) It indicated it would consider the Motion for Injunctive Relief after giving Respondents an opportunity to respond. (*Id.*) The Court further provided notice that it would consolidate the Motion for Injunctive Relief with a determination on the merits of the Petition under Rule 65(a)(2). (*Id.*)

The Government filed a Return acknowledging "that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 4.)

This Court has previously held in multiple cases that it agrees with the Central District in *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026). Hence, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

Because Petitioner was already ordered released with a Notice to Appear ("NTA") and has not violated any of the conditions imposed by that NTA, the Court finds an additional bond hearing is not necessary. Accordingly, the Court issues the following writ:

> The Court **ORDERS** that Petitioner Ramanjot Singh (A#205-082-137) be released forthwith on the same terms and conditions as he was previously released in October 2011.

//
//

In light of this Court's order granting the Petition, the Court **DENIES AS MOOT** the Motion for Injunctive Relief (ECF No. 2). The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

DATED: February 13, 2026

**Hon. Cynthia Bashant, Chief Judge
United States District Court**